UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA MOORE,<br><br>                            Plaintiff,<br><br>v.<br><br>GREYHOUND BUS LINES, INC.,<br><br>                            Defendant. | Case No.: 15-cv-1186-CAB (MDD)<br><br>**ORDER ON PLAINTIFF'S REQUEST FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**<br>**[Doc. No. 80]** |

On June 5, 2018, Plaintiff submitted a filing that was in essence two separate motions: (1) a request for reconsideration and (2) a request for leave to amend. [Doc. No. 80]. On June 8, 2018, the Court denied the request for reconsideration and set a briefing scheduling on the motion for leave to amend. [Doc. No. 81.] The motion for leave to amend has been fully briefed and the Court finds it suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the following reasons, the motion to amend is denied.

Plaintiff seeks leave to amend her complaint to add a claim for violation of California Civil Code section 51(f) ("UNRUH violation") and seeks monetary damages, costs and fees pursuant to that claim, arising out of the same facts and events alleged to support the pending Complaint for violations of Title III of the ADA. [Doc. No. 80 at 3-15.] Defendant

oppose Plaintiff's motion to amend arguing that amendment would be futile and that allowing it would cause them undue prejudice. [Doc. No. 86.]

Rule 15 (a) of the Federal Rule of Civil Procedure states that, after the initial period for amendments as of right, pleadings may only be amended by leave of court, which "[t]he court shall freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "When weighing these factors . . . all inferences should be made in favor of granting the motion to amend." *Hofstetter v. Chase Home Fin., LLC*, 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

The Ninth Circuit has held that "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* Moreover, "once the defendant is in court on a claim arising out of a particular transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added." *Sierra Club v. Penfold,* 857 F.2d 1307, 1315 (9th Cir. 1988). While futile amendments should not be permitted, an amendment "is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (citations omitted).

Here, the Court is unwilling to conclude that Plaintiff is seeking amendment in bad fad faith. Plaintiff filed the motion to amend immediately after her recent appeal to the Ninth Circuit was denied, and only six calendar months after the second amended complaint was filed which weighs in favor of granting leave to amend. Similarly,

considering the early stages of this litigation the Court sees no reason to expect that the amendment will unduly delay litigation. *See AmericSourceBergen Corp v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend where the amendment (1) prejudices the other party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."). Neither does the Court find that Defendant would be unduly prejudiced if Plaintiff was allowed to amend.

However, the Court agrees with Defendant that allowing Plaintiff to amend to add an UNRUH claim would be futile because the jurisdiction of the Act is expressly limited to violations taking place in California, therefore, the "Act does not apply to this action because the alleged discrimination occurred outside of California (in Denver, Colorado) and it is therefore outside of the extraterritorial reach of the statute." [Doc. No. 83 at 9-10.]

Specifically, the statute provides:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

CAL. CIV. CODE § 51(b).

Thus, through its own language UNRUH has limited geographical scope and only applies to discrimination that takes place within California. *See Warner v. Tinder Inc.,* 105 F. Supp. 3d 1083, 1099 (C.D. Cal. Jul7 31, 2015) (concluding the terms of the statute expressly limit it to discrimination that takes place within California's borders); *Tat Tohumculuk, A.D. v. H.J. Heinz Co.,* No. CIV 13-0773 WBS KJN, 2013 WL 6070483, *7 (E.D. Cal. Nov. 14, 2013) ("[p]laintiff has not presented any case law, nor is the court aware of any, applying section 51 to alleged discrimination suffered by parties outside California. The Unruh Act, therefore, does not apply."); *Keum v. Virgin Am. Inc.,* 781 F. Supp. 2d 944, 955 (N.D. Cal. Mar. 4, 2011) ("[t]he Unruh Act only applies to discrimination that takes place within California's jurisdiction); *Sousanis. v. Nw. Airlines,*

*Inc.,* No. C-99-2994 MHP, 2000 WL 34015861, at *7 (N.D. Cal. Mar. 3, 2000) ("the Unruh Act contains language expressly limiting its reach to 'all persons within the jurisdiction of this state.'"); *Loving v. Princess Cruise Lines, Ltd.,* No. CV 08-2898 JFW (AJWx), 2009 WL 7236419, *8 (C.D. Cal. Mar. 5, 2009) ("[p]laintiffs' state law claims do not have extraterritorial reach. It is well-settled that the Unruh Act applies only within California."). Simply put, California does not "acquire power or supervision over the internal affairs of another State merely because the welfare and health of its own citizens may be affected when they travel to that State." *Bigleow v. Virginia,* 421 U.S. 809, 825 (1975).

Because section 51 cannot apply extraterritorially to the events that allegedly occurred in Denver, Colorado, allowing Plaintiff to amend to add an UNRUH claim would be futile. Accordingly, the Court **DENIES** Plaintiff's motion [Doc. No. 80] for leave to file a third amended complaint to assert an UNRUH claim.

A copy of this order shall be served on Plaintiff via certified mail.

It is **SO ORDERED**.

Dated: July 10, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge