UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRENDA MOORE,

Plaintiff,

v.

GREYHOUND BUS LINES, INC.,

Defendant.

Case No.:  15-cv-1186-CAB (MDD)

**ORDER ON MOTION FOR RECONSIDERATION**
**[Doc. No. 94]**

On July 10, 2018, this Court denied Plaintiff's request to file a Third Amended Complaint to add a claim for violation of California Civil Code section 51(f) ("UNRUH") violation) on futility grounds because the alleged Americans with Disabilities Act violation occurred outside of the state of California.  [Doc. No. 93.]

On July 13, 2018, Plaintiff filed an "Ex Parte Application for Reconsideration of Interlocutory Order Pursuant to F.R.C.P. 54(b); Reconsider the Matter and Modify Amend, or Revoke the Prior Order F.R.C.P. 60(b)."  [Doc. No. 94.]  The motion has been fully briefed [Doc. Nos. 101, 102] and the Court finds it suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).  For the following reasons, the motion is denied.

Plaintiff requests the Court reconsider the July 10, 2018 order and allow her to allowed to amend to state an UNRUH claim because "some of the discriminations by defendant Greyhound and intentional violation occurred while plaintiff a California citizen, was still in state of California, the violations intentionally occurred in (6) different cities

within California to plaintiff causing physical and mental injury long before arriving in Colorado where the violations continued. . . ." [Doc. No. 94-1 at 4.][1] Plaintiff's submission seeks reconsideration under both Federal Rule of Civil Procedure 54(b) and 60(b).

Rule 54 however is entitled "Judgment; Costs" with part (b) pertaining to "judgment on multiple claims or involving multiple parties," sets forth the procedure for entry of final judgment, and notes that any order or decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). It is inapplicable to the motion currently before the Court.

Rule 60 of the Federal Rules of Civil Procedure provides for extraordinary relief and may be invoked upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.,* 972 F.2d 1038, 1044 (9th Cir. 1994). The Rule identifies six permissible grounds for relief from a final judgment order, or proceeding, namely: "mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) and other reasons justifying relief." Fed. R. Civ. P. 60(b). The language of Rule 60 makes clear that it is inapplicable here. Denial of a request for leave to amend is not a final order neither is it a directly appealable interlocutory order. *See Corn v. Guam Coral Co.,* 318 F.2d 622, 628-29 (9th Cir. 1963) ("final judgments, orders or proceedings referred to in the first sentence of [the] federal rule, against which the described motions may be directed, are those which terminate the litigation in the district court subject only to the right of appeal."); *see also* 28 U.S.C. § 1291, 1292. Therefore, the potential relief provided under Rule 60 is not available to Plaintiff.

Defendant posits that Plaintiff mistakenly relied on Federal Rule of Civil Procedure

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

54(b) instead of Rule 59(e) in seeking reconsideration of the Court's July 10, 2018 Order and, for purposes of its Opposition, assumes Plaintiff intended to rely on Rule 59(e). [Doc. No. 101 at 5 fn. 1.] In her Reply, Plaintiff does not dispute this contention and makes multiple references to Rule 59. *See generally,* Doc. No. 102. Rule 59 provides that after entry of judgment, a party may file motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citations omitted). Similar to Rule 60, the relief Plaintiff seeks is not available to her under this Rule because judgment has not been entered.

Notwithstanding Rules 59 and 60, the Court has the inherent authority to reconsider interlocutory orders at any time prior to final judgment. *See Amarel v. Connell,* 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders . . . are subject to modification by the district judge at any time prior to final judgment.") (citation omitted). Generally such a motion for reconsideration "is appropriate if the district court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Therefore, the Court will consider whether justice so requires it to reconsider the Order denying leave to amend in light of Plaintiff's allegations that she was subject to discrimination while present within the geographical boundaries of California. The Court, applying its discretion, finds that it does not. *See Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (whether to grant or deny a motion for reconsideration is in the sound discretion of the district court).

As Defendant points out, in her application Plaintiff raises, "for the first time in this litigation, allegations that Greyhound also denied her boarding assistance in California. Plaintiff has not made a single factual allegation in any of her prior four complaints filed with the Court that any of the alleged discrimination occurred in California." Doc. No. 101

at 6:4-7. Plaintiff encountered the alleged discrimination in December 2014 and as such the facts have been known to her since the inception of this lawsuit and therefore cannot be considered newly discovered evidence. Similarly, Plaintiff's position that the violations, remedies, and facts are "new" because she, personally, has just discovered the existence of the California UNRUH Act misunderstands the applicable standard. *See, e.g.,* Doc. No. 102 at 9. Plaintiff's unfamiliarity with the existence of the UNRUH Act does not provide grounds for a motion for reconsideration, the Act is not new law nor is it a change in controlling law.[2] Neither is the Court persuaded by Plaintiff's claim that a manifest injustice will occur because monetary damages will be unavailable to her absent her UNRUH claim. Finally, the Court's earlier order does not contain clear error that needs to be corrected. Moreover, even in the absence of these factors, the Court finds none of the reasons proffered by Plaintiff sufficient to warrant disturbing the Court's previous decision. *See Hydranautics v. Film Tec Corp.,* 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003) ("a court should generally leave a previous decision undisturbed absent a showing that it either represented a clear error or would work a manifest injustice.") (citing *Chrisitianson v. Colt Indus. Operating Corp.* 486 U.S. 800, 817 (1988)).

Accordingly, Plaintiff's Ex-Parte Application for Reconsideration of Interlocutory Order Pursuant to F.R.C.P. 54(b); Reconsider the Matter and Modify Amend or Revoke the Prior Order F.R.C.P. 60(b) [Doc. No. 94] is **DENIED**.

It is **SO ORDERED**.

Dated: August 14, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] UNRUH was originally enacted in 1959 and has been amended numerous times, including after the passage of the Americans with Disabilities Act to include the addition of Section 51(f) which provides that "a violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." CAL. CIV. CODE. § 51(f).