UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA MOORE,<br><br>          Plaintiff,<br><br>v.<br><br>GREYHOUND LINES INC. AND U.S. SECURITY ASSOCIATE,<br><br>          Defendant. | Case No.: 3:15-cv-1186-CAB-LL<br><br>**ORDER DENYING DEFENDANT GREYHOUND LINES INC.'S REQUEST FOR DISCOVERY MOTION HEARING DATE**<br><br>**[ECF No. 121]** |

On February 5, 2019, Defendant Greyhound Lines, Inc. filed a "Request for Discovery Motion Hearing Date Pursuant to Civil Chamber Rules § V." ECF No. 121. Defendant requests that the Court set a discovery conference at or immediately after the Mandatory Settlement Conference currently set for February 11, 2019 at 1:30 p.m. to discuss: (1) Plaintiff's alleged failure or refusal to appear at her Noticed Deposition; and (2) Greyhound's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff. See ECF No. 121.

For the reasons set forth below, the Court **DENIES** Defendant's Request for a Discovery Motion Hearing Date.

///

1. **Plaintiff's Alleged Failure Or Refusal To Appear At Her Deposition**

Defendant alleges that on October 11, 2018, Defendant served Plaintiff with a Notice of Deposition set for October 30, 2018 via FedEx with signature required. ECF No. 121 at 3. Defendant alleges that "[a]fter three attempts" at delivery "the FedEx envelope was returned to Greyhound's counsel's office." Id. Defendant alleges that on October 26, 2018, Defendant successfully served Plaintiff with an Amended Notice of Deposition set for November 13, 2018 via regular mail and FedEx with no signature required. Id. Defendant alleges that "Plaintiff failed or refused to appear for the deposition." Id.

Subsequently, Defendant alleges that on November 20, 2018, Defendant sent Plaintiff a letter by regular mail, certified mail, and by FedEx "inviting Plaintiff to meet and confer to avoid motion practice and a request for sanctions based on Plaintiff's refusal to appear for deposition" to which Defendant has "received no response[.]" Id. Defendant therefore requests that the Court issue a discovery motion hearing date under Section V of this Court's Civil Chamber Rules.

The instant case was transferred from Magistrate Judge Dembin to Magistrate Judge Lopez on November 6, 2018. Under this Court's Civil Chamber Rules:

> Any motion related to discovery disputes must be filed no later than thirty (30) days after the date upon which the event giving rise to the dispute occurred. For oral discovery, the event giving rise to the dispute is the completion of the transcript of the relevant portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the date of service of the response, or the passage of a discovery due date without response or production, **not** the date on which counsel reach an impasse in meet and confer efforts.

Magistrate Judge Lopez's Civil Chamber Rules, Section V.C (emphasis in original).

The Civil Chamber Rules further specify that prior to bringing a discovery dispute, the Parties must "meet and confer" and "[i]f a party is unresponsive to a request to meet

and confer, after 72 hours counsel shall contact chambers and the Court will set a telephonic conference with the clerk assigned to the case." Id. at Section V.A

Here, Defendant failed to raise this dispute to the Court's attention until February 5, 2019, over two months after Defendant alleges Plaintiff failed to appear for her deposition and a day after the fact discovery cutoff. See ECF Nos. 108, 121. Defendant has not advanced any reason why it failed to raise this dispute in a timely manner.

For these reasons, the Court finds this dispute is untimely and declines to consider it. See In re Ameranth Cases, 2018 U.S. Dist. LEXIS 61753, at *17-18 (S.D. Cal. Apr. 11, 2018) (declining to consider discovery dispute filed after deadline set in Chamber Rules). See also Obesity Research Inst., LLC v. Fiber Research Int'l, LLC, 2017 U.S. Dist. LEXIS 97724, at *7 (S.D. Cal. June 23, 2017) (Magistrate Judges' thirty-day discovery dispute deadlines in this District are not contrary to law).

**2. Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admissions**

Defendant states it "anticipates that Plaintiff will not respond to Greyhound's [F]irst [S]et of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff" which Defendant served by mail on January 4, 2019. ECF No. 121 at 3. At the time Defendant filed the instant Request, Plaintiff's responses to Defendant's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions were not yet due. See Fed. R. Civ. P. 6(d), 33, 34, 36. Accordingly, this dispute is not yet ripe for the Court's attention.

Nevertheless, the Court has taken into account the difficulties Defendant's counsel has had in the past in attempting to meaningfully meet and confer with Plaintiff. For these reasons, in the event the case does not settle during the Mandatory Settlement Conference, Plaintiff and Defendant's counsel are **ORDERED** to meet and confer in-person immediately after the Mandatory Settlement Conference regarding all outstanding discovery issues.

The Court expects both Parties to earnestly engage in the meet and confer process. Although the Court is mindful that Plaintiff is proceeding pro se, the Court has already advised Plaintiff on a prior occasion that "[e]ven self-represented litigants must follow the same rules of procedures that govern other litigants." ECF No. 108 at 4 (citing <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995).

At the conclusion of the meet and confer conference, Plaintiff and Defendant's counsel shall jointly call Chambers by **February 15, 2019** and notify the clerk of the Court assigned to this case as to any remaining and timely discovery disputes.

**IT IS SO ORDERED.**

Dated: February 6, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge