UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA MOORE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>GREYHOUND LINES INC. AND U.S. SECURITY ASSOCIATE,<br><br>　　　　　　　　Defendant. | Case No.: 3:15-cv-1186-CAB-LL<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE APPLICATION FOR A SECOND MANDATORY SETTLEMENT CONFERENCE**<br><br>**[ECF No. 128]** |

On February 11, 2019, the Court held a Mandatory Settlement Conference ("MSC") in this case and issued an Order to Show Cause for Plaintiff's failure to appear. See ECF Nos. 126, 127. Before the Court is Plaintiff's "Ex Parte Application for Reconsideration to be Heard and Scheduled Another Hearing Date for a Settlement Hearing Due to the Fact that Plaintiff was Never Aware of the February 11, 2019 Hearing." See ECF No. 128.

Although Plaintiff frames her motion as a request for reconsideration of the Court's February 11, 2019 "interlocutory order," it is not clear what order Plaintiff is referencing. Instead, Plaintiff appears to be requesting that the Court set a second MSC. Id. at 4. In

1

support, Plaintiff alleges the only notice she received of the first MSC was a FedEx mailing from Defendant's attorneys which she only received on February 14, 2019. Id. at 1.

Despite Plaintiff's representations, the Court issued several orders notifying Plaintiff of her obligation to appear at the February 11, 2019 MSC. On December 28, 2018, the Court issued an Order resetting the MSC to February 11, 2019 at 1:30 p.m. ECF No. 118.[1] The Order informed both Parties of their obligation to appear at the conference in-person and to submit confidential statements by no later than February 1, 2019. Id. at 2-4. This order was mailed to Plaintiff.

When Plaintiff failed to submit her confidential statement within the deadline set by the Court, the Court issued a second order on February 5, 2019 requiring Plaintiff: (1) to contact the Clerk's office with her current address, telephone number, and e-mail address; and (2) to submit her confidential statement by no later than February 7, 2019. ECF No. 120. This order was also mailed to Plaintiff.

On February 11, 2019, after Plaintiff failed to submit a statement or attend the scheduled MSC, the Court ordered Plaintiff to file a declaration setting forth facts establishing good cause for her failure to attend the MSC or comply with the Court's orders. See ECF No. 127. This order was also mailed to Plaintiff. As of this date, Plaintiff has not yet filed a declaration.

The Court has used the address Plaintiff provided for all of the above orders and none of these documents have been returned to the Court. See Docket. Indeed, Plaintiff's proof of service to the instant motion confirms her current address is the address the Court has on file. ECF No. 128 at 13. Absent any evidence to the contrary, all of the Court's orders were presumably delivered to Plaintiff. See Wilson v. Kelly, 2013 U.S. Dist. LEXIS

---

[1] The Court notes the MSC was reset from February 12, 2019 at 9:30 a.m. to February 11, 2019 at 1:30 p.m. The original date for the MSC was set on October 3, 2018 by Magistrate Judge Dembin. See ECF No. 108 at 5. This order was also mailed to Plaintiff.

2

103877, at *29 (S.D. Cal. Mar. 7, 2013). Plaintiff has therefore failed to explain how she did not have notice of the February 11, 2019 MSC.

For these reasons, Plaintiff's request for a second MSC is **DENIED WITHOUT PREJUDICE**.

Plaintiff is reminded again that she is required to appear at the hearing before Magistrate Judge Linda Lopez currently set for **February 26, 2019** at **9:30 a.m.** to show cause why sanctions should not be imposed for her failure to appear at the February 11, 2019 MSC. ECF No. 127 at 2.

**IT IS SO ORDERED.**

Dated: February 20, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge